IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>EMERY D. CHAMBERS,<br>Defendant. | ORDER and<br>MEMORANDUM DECISION<br><br>Judge Tena Campbell<br><br>Case No. 2:04-CR-533 |

On January 27, 2011, Defendant Emery Chambers filed a Motion to Reduce or Modify Sentence in Light of the November 1st 2010 Amendments to the United States Sentencing Guidelines. On February 23, 2011, the court denied the motion after determining that "the relief Mr. Chambers seeks would be more appropriately brought as a § 2255 petition" and finding that Mr. Chambers' request to modify his sentence was accordingly time-barred. (Feb. 23, 2014 Order, Docket No. 79 at 1-2.)

On April 29, 2013, Mr. Chambers filed another Motion to Reduce or Modify Sentence in Light of the November 1st 2010 Amendments to the United States Sentencing Guidelines. (Docket No. 81). The court contacted Mr. Chambers and questioned whether his motion might more appropriately be brought under 28 U.S.C.A. § 2255. (Apr. 30, 2013 Correspondence, Docket No. 82 at 1.) The court requested that Mr. Chambers respond to the letter and inform the court whether or not he would like his motion to be treated as a § 2255 Motion to Vacate. (Id.)

On May 14, 2013, Mr. Chambers responded to the court's request and stated that his motion is not a motion attacking his sentence under § 2255, but rather is a motion requesting a "modification" of his sentence "pursuant to 18 U.S.C. § 3582(c)(2)." (May 14, 2014 Correspondence, Docket No. 84 at 1.) Because Mr. Chambers' motion is not a direct appeal or a

collateral attack under 28 U.S.C. § 2255, the court will treat his motion as one brought under 18 U.S.C. § 3582(c). But for the reasons set forth below, Mr. Chambers' Motion to Reduce or Modify Sentence in Light of the November 1st 2010 Amendments to the United States Sentencing Guidelines (Docket No. 81) is DENIED.

BACKGROUND

Mr. Chambers was previously sentenced on September 1, 2005, to 180 months imprisonment for conspiracy to possess methamphetamine with intent to distribute and possession of a firearm in furtherance of drug trafficking. (Judgment, Docket No. 68 at 1.) Mr. Chambers' current motion requests a sentence modification or reduction consistent with recent amendments to the United States Sentencing Guidelines. Specifically, Mr. Chambers seeks application of Amendment 739, which amended policy statements contained in Part H to make clear that past military service, among other factors, may be relevant in determining whether a downward departure is warranted. See U.S.S.G. Ch. 5, Pt. H, app. C, amdt. 739; U.S.S.G. § 5H1.11.

ANALYSIS

A court "does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997) (quoting United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997)). Title 18 of the United States Code § 3582(c)(2), provides that the court may modify a defendant's sentence if "the defendant was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), 'if such a reduction is consistent with applicable policy statements issued by the Sentencing

Commission.'" United States v. Loaces, No. 1:99CR52-14, 2011 WL 1060587, at *1 (W.D.N.C. Mar. 23, 2011) (quoting 18 U.S.C. § 3582(c)(2)).  Section 1B1.10 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement concerning reductions in a sentence based on subsequent amendments.  See U.S.S.G. § 1 B1.10(a)(1)-(2).  Section 1B1.10 reads in relevant part: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if– (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2).  Accordingly, a defendant's sentence will be modified retroactively only if the applicable amendment is listed in subsection (c) of § 1B1.10, or has the effect of lowering the original sentencing guideline range.

But Amendment 739 cannot serve as the basis for a reduction in Mr. Chambers' sentence.  First, Amendment 739 is not listed as a covered amendment in subsection (c) of § 1B1.10 so it may not be applied retroactively.[1]  Id. § 1 B1.10(c); United States v. Quinones-Ojeda, No. 09-cr-00319-MSK, 2011 WL 5976309, at *1 (D. Colo. Nov. 23, 2011); United States v. Lopez, No. 10 Cr. 136(JFK), 2011 WL 3055371, at *1 (S.D.N.Y. July 20, 2011).

Second, Mr. Chambers was not sentenced based upon a sentencing range that has subsequently been lowered by the Sentencing Commission.  Amendment 739 simply amends policy statements regarding a court's ability to grant a downward departure based on certain

---

[1]"Covered Amendments – Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, and 750 (parts A and C only)."  U.S.S.G. § 1 B1.10(c).

personal characteristics and does not actually lower the applicable United States Sentencing Guidelines range.[2]

Accordingly, Mr. Chambers' Motion to Reduce or Modify Sentence in Light of the November 1st 2010 Amendments to the United States Sentencing Guidelines (Docket No. 81) is DENIED.

SO ORDERED this 30th day of May, 2014.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

---

[2] "Military Service may be relevant in determining whether a <u>departure</u> is warranted, if the military service, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines." U.S.S.G. § 5H1.11 (emphasis added).